**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

APR 18 2014

LONG ISLAND OFFICE

———————————————————————— X

Jane Kraus

                              Plaintiff          Docket No.

                                                 CV - 14 2508

  -against-                                      **COMPLAINT AND**
                                                 **DEMAND FOR JURY**
                                                 **TRIAL**

Trans Union, LLC

                              Defendant          **TRIAL BY JURY**
                                                 **DEMANDED**
———————————————————————— X

FEUERSTEIN, J

WALL, M.J.

**I. INTRODUCTION**

1. The Plaintiff is suing Defendant, Trans Union, LLC, because Defendant knowingly
and wilfully published false and misleading credit information about the Plaintiff thereby
damaging the Plaintiff. Defendant has refused to stop reporting the false and misleading credit
information. Despite Plaintiff's requests, and incontrovertible documentation, the Defendant will
not stop reporting that the Plaintiff has a judgment against her, when in fact, she does not.

2. This is an action for damages brought by an individual consumer for Defendants'
violations of the Fair Credit Reporting Act, 15 U.S.C 1681 et seq. (hereinafter "FCRA"); and the
New York Fair Credit Reporting Act. (hereinafter "NY FCRA")

3. The Plaintiff is seeking an injunction prohibiting the Defendant from reporting the
false and misleading credit information as further described herein.

Page 1

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. Section 1681p, and 28 U.S.C. § 1331. Supplemental jurisdiction arises under 28 U.S.C Section 1367.  Venue in this District is proper in that Plaintiff resides in this District; the Defendant transacts business in this district, and the conduct complained of occurred in this district.

## III. PARTIES

5. Plaintiff Jane Kraus is an adult resident citizen of Suffolk County, New York. Jane Kraus is a consumer as defined by the FCRA.

6. Defendant Trans Union, LLC (hereinafter Trans Union) is a Delaware limited liability company authorized and registered to do business in the State of New York.  Trans Union is a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. Section 1681a (f) and the New York Fair Credit Reporting Act.

7. The phrase "credit report" as used herein is meant to refer to "consumer report" as defined under the FCRA.

8. The phrase consumer reporting agency or "CRA" as used herein is meant to refer to a consumer reporting agency as defined by the FCRA.

## IV. FACTUAL BACKGROUND

9. In or around October 20, 2009 a company called Palisades Collection, LLC  (Palisades) brought a lawsuit in the Third District Court of Suffolk Count against Jane Kraus (the Plaintiff herein).  Palisades is a debt buyer who purchases allegedly outstanding consumer debts for pennies

on the dollar, and then seeks to collect those debts for a profit. *Sykes v. Mel Harris & Assocs., LLC,* 757 F. Supp. 2d 413 (S.D.N.Y. 2010); *Rodriguez v. Pressler & Pressler, L.L.P.*, 2008 U.S. Dist. LEXIS 108059 (E.D.N.Y. Sept. 11, 2008)   In the state court lawsuit, Palisades alleged that the Plaintiff owed a consumer credit card debt.   Plaintiff disputes that she owed Palisades anything. Using a procedure often referred to as "sewer service" (See, *Sykes v. Mel Harris & Assocs., LLC,* 757 F. Supp. 2d 413 (S.D.N.Y. 2010) ), Palisades obtained a default judgment against Jane Kraus in the amount of $11,405.19.   The default judgment was entered by the Suffolk County District Court on June 9, 2010.   When Ms. Kraus learned of the default judgment, she asked the Suffolk County District Court to vacate the improperly obtained default Judgment.

10. On August 30, 2011 the Third District Court of Suffolk County issued a written order vacating the default judgment that had been entered against Ms. Kraus in the matter of *Palisades Collection, LLC v. Jane Kraus* (Docket number 4776/2009). **(Exhibit A)**

11. Plaintiff never paid any money to Palisades relating to the alleged debt.

12. The Defendant herein, Trans Union, LLC, has falsely reported, and continues to falsely report, that the judgment in the matter of *Palisades Collection, LLC v. Jane Kraus* has been "satisfied."

13. Reporting that the judgment in the matter of *Palisades Collection, LLC v. Jane Kraus* has been "satisfied," is false and misleading in that it gives the false impression that a judgment was properly obtained against Jane Kraus, and then satisfied by Jane Kraus.

14. A vacated judgment in New York is *void ab initio*.

15. The Plaintiff has notified the Defendant that the judgment has been vacated, and has demanded that the Defendant correct her credit profile relating to the judgment.

16. The Defendant has refused to remove their false and misleading credit reporting relating

to the judgment.

17. The Defendant continues to create and disseminate credit reports relating to the Plaintiff that contain the false and misleading information relating to the Palisades judgment.

18. In August 2013 the Plaintiff sent the Defendant a letter requesting that the Defendant correct the Plaintiff's credit report relating to the judgment. **(Exhibit B)**

19. Plaintiff's August 2013 letter to the Defendant included a copy of the Court's order vacating the Palisades judgment.

20. The Defendant received the Plaintiff's August 2013 letter.

21. In response to the Plaintiff's August 2013 letter, the Defendant sent the Plaintiff a letter indicating that the Defendant would not remove the false and misleading information, and would continue to report the judgment as it had previously.

22. Subsequent to Defendant's receipt of the Plaintiff's August, 2013 letters, the Defendant reported to third parties that the Palisades judgment had been satisfied.

23. In November, 2013, the Plaintiff sent the Defendant another letter requesting that the Defendant correct the Plaintiff's credit report relating to the judgment. **(Exhibit C)**

24. Plaintiff's November, 2013 letter to the Defendant included another copy of the Court's order vacating the Palisades judgment.

25. The Defendant received the Plaintiff's November, 2013 letter.

26. In response to the Plaintiff's November, 2013 letter, the Defendant sent the Plaintiff a letter indicating that the Defendant would not remove the false and misleading information, and would continue to report the judgment as it had previously.

27. Subsequent to Defendant's receipt of the Plaintiff's November, 2013 letters, the Defendant reported to third parties that the Palisades judgment had been satisfied.

28. Despite the Plaintiff providing the Defendant with a copy of the actual order of the Court, the Defendant failed to reasonably re-investigate the Plaintiff's dispute, and failed to note the current status of the Palisades judgment.

29. In August 2013, when the Plaintiff sent the Defendant the first dispute letter, the Plaintiff also sent dispute letters to the two other major credit reporting agencies, Experian and Equifax. Based upon the Plaintiff's letter and the Court's order vacating the judgment, both Experian and Equifax immediately removed the judgment from the Plaintiff's credit profile.

30. The Defendant's failure to re-investigate each of the Plaintiff's disputes, and the Defendant's failure to record the current status of the Palisades judgment was done with malice and with a willful intent to injure.

31. The Defendant ignored the Third District Court's order vacating the judgment.

32. The Plaintiff has been denied credit based upon the Defendant reporting the Palisades judgment subsequent to the Plaintiff disputing the judgment with Defendant.

## V. CAUSES OF ACTION UNDER THE
## FEDERAL FAIR CREDIT REPORTING ACT

33. Plaintiffs repeats the foregoing paragraphs as if fully restated herein.

34. 15 U.S.C. § 1681i requires Defendant Trans Union to perform a reasonable investigation of the Plaintiff's disputes of the erroneously reported credit information relating to Palisades judgment. Trans Union negligently and/or willfully violated 15 U.S.C. § 1681i by failing to reasonably investigate the Plaintiff's disputes, and correct their errors.

35. 15 U.S.C. § 1681e(b) requires Defendant Trans Union to maintain reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit history.  Defendant Trans Union

Page 5

negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit history.

36. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the Trans Union's actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of their actual damages as well as attorneys' fees and costs. In addition, the Trans Union's actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiffs to the recovery of actual damages, statutory damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

## VI. CAUSES OF ACTION UNDER THE NEW YORK STATE FAIR CREDIT REPORTING ACT

37. Plaintiffs repeats the foregoing paragraphs as if fully restated herein.

38. Defendant Trans Union violated the New York Fair Credit Reporting Act (NY CLS Gen Bus § 380-f (2013)) by failing to re-investigate and record the current status of the Palisades judgment following each of the Plaintiff's dispute letters as noted herein. The Defendant's failure to re-investigate the Plaintiff's dispute, and the Defendant's failure to record the current status of the Palisades judgment, was done with malice and with a willful intent to injure. Defendant was aware that the Palisades judgment had been vacated, but refused to fix their false and misleading reporting.

39. Pursuant to NY CLS Gen Bus § 380-m of the New York Fair Credit Reporting Act, Experian's actions in negligently violating the New York Fair Credit Reporting Act entitle the Plaintiffs to recover his actual damages as well as attorneys' fees and costs. In addition, Tran Union's actions in willfully violating the New York Fair Credit Reporting Act entitle the Plaintiffs to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C.

Page 6

§ 1681-l.

40. Defendant's making of a consumer report in the future containing the Palisades judgment would cause the Plaintiff future harm, the nature of which the New York Fair Credit Reporting Act was intended to prevent. Plaintiff requests that the Court restrain and enjoin the Defendant from making a consumer report relating to the Plaintiff that contains the Palisades judgment.

## VII. DAMAGES.

41. Because of the acts and omissions of Defendant as herein described, the Plaintiff has suffered, amongst other damages, a credit denial, financial loss, denials of credit on best terms, loss of credit opportunities, worry, embarrassment, and pre-litigation costs. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary. Further, Defendant's acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

42. As a result of Defendants' willful violations of 15 U.S.C. § 1681 et seq. their malicious defamations of the Plaintiff's good name the Plaintiff is entitled to punitive damages from Defendant.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant, for the following relief, together with interests, costs, and disbursements of this action:

(A) Statutory damages;

(B) Actual damages;;

Page 7

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Punitive damages;

(E) Injunctive relief as requested herein;

(F) Any other relief this Court deems appropriate and just.

Respectfully submitted,

JOSEPH MAURO (8295)
THE LAW OFFICE OF JOPSEPH MAURO, LLC
306 McCall Ave.
West Islip, NY 11795
Telephone: 631-669-0921
Facsimile:  631-669-5071

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demands trial by jury in this action.

S// Joseph Mauro
Joseph Mauro, Esq. (8295)
Attorney for Plaintiffs

Page 8

# EXHIBIT A

DISTRICT COURT OF THE COUNTY OF SUFFOLK
THIRD DISTRICT: HUNTINGTON STATION

PALISADES COLLECTION, LLC,

                              Plaintiff,

          · against ·

JANE KRAUS,

                              Defendant.

Index No. 4776/2009

ORDER VACATING
JUDGMENT AND
DISMISSING
COMPLAINT

Upon the Order to Show Cause to Vacate Judgment and Dismiss Complaint, and the supporting Affidavit of Defendant Jane Kraus, sworn to on December 23, 2010, and the Affirmation of her attorney, Brian L. Bromberg, affirmed on January 6, 2011, and the Memorandum in Support of Defendant's Order to Show Cause to Vacate and Dismiss, dated January 6, 2011, and upon the Affirmation in Opposition of Plaintiff's attorney, Scott R. Reel, dated March 3, 2011, and upon Defendant's Reply Affidavit in Further Support of her Order to Show Cause to Vacate and Dismiss, sworn to on March 14, 2011, and upon Defendant's Reply Memorandum of Law in Further Support of her Order to Show Cause to Vacate and Dismiss, dated March 15, 2011, and the above-entitled action having come on for a traverse hearing concerning service of process before the undersigned, without a jury, in this Court on July 28, 2011; and the parties having duly appeared, Plaintiff Palisades

-1-

Collection, LLC by its attorneys, Kirschenbaum & Phillips, P.C. (Steven L. Rosenthal, Esq., of counsel), and Defendant Jane Kraus by its attorneys, the Bromberg Law Office, P.C. (Brian L. Bromberg, Esq., of counsel), and having presented evidence thereat, and the Court having heard and considered the evidence, and due deliberation having been had, and the Court per the Honorable C. Stephen Hackeling having duly issued his finding from the bench at the conclusion of the hearing, finding that service was not made in accordance with CPLR 308 and, therefore, that Defendant is entitled to have the judgment entered against her on June 9, 2010 vacated and dismissed; it is hereby

ORDERED AND ADJUDGED, that the judgment entered against Defendant Jane Kraus, and all post-judgment enforcement, including income and property executions and restraints, shall be vacated without further order of the Court, and any sums or property taken or executed upon by Plaintiff Palisades Collection, LLC shall be returned to Defendant Jane Kraus immediately.

E N T E R :

/s/ _____ 8/30/11

Hon. C. Stephen Hackeling

-2-

# EXHIBIT B

17 Croft Lane
Smithtown, NY  11787

August 1, 2013

**Sent Via Certified Mail – Return Receipt Requested**

**TransUnion Consumer Relations**
PO Box 2000
Chester, PA  19022-2000

Dear Sir/Madam

I recently obtained a copy of my credit report from your agency and found the items listed below to be in error. Several discrepancies contained within my personal credit report need to be addressed and corrected as they have negatively affected my life and more recently prevented me from gaining less expensive living accommodations for me and my daughter.

1. Under Personal Identification Information –
   A. I dispute 2 addresses.  I never lived at 23 Princeton Dr., Dix Hills, NY 11746. Please delete this address from my report. I never lived at 1009 Devonshire Rd, Hauppauge, NY 11788 – My EX-husband did. Please delete these addresses from my report.
   B. I dispute 3 telephone numbers. I never had and never used (631)360-4576, (631)269-1087, or (631)462-0920. Please delete these telephone numbers from my report.

2. Under Public Record Information –
   A. I dispute the 'Paid Civil Judgment,' ID#HUC090004776.  This MUST be deleted in its entirety as there is an Order vacating the judgment and dismissing the complaint. Please see enclosed ORDER dated 8/30/11.

3. Under Adverse Accounts Information –
   A. I dispute LVNV Funding LLC, Acct# 512107015845.  This is not an open account. Please make the necessary correction.

Thank you for your time. Please reinvestigate these matters and delete or correct the disputed items as soon as possible. I am very concerned that if this information is not updated correctly, it will continue to have a damaging effect on me and my ability to improve my credit. I look forward to your expeditious reply.

Sincerely,


Jane Kraus
SS#
DOB:

Enclosed: Order Vacating Judgment and Dismissing Complaint dated 8/30/2011.

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jane Kraus
17 Croft Lane
Smithtown, NY 11787

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

TransUnion LLC

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

TransUnion Consumer
Relations
PO Box 2000
Chester, PA 19022

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7013 0600 0001 1828 9486

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1840

DISTRICT COURT OF THE COUNTY OF SUFFOLK
THIRD DISTRICT: HUNTINGTON STATION

PALISADES COLLECTION, LLC,

                  Plaintiff,

    · against ·

JANE KRAUS,

                Defendant.

Index No. 4776/2009

ORDER VACATING
JUDGMENT AND
DISMISSING
<u>COMPLAINT</u>

Upon the Order to Show Cause to Vacate Judgment and Dismiss Complaint, and the supporting Affidavit of Defendant Jane Kraus, sworn to on December 23, 2010, and the Affirmation of her attorney, Brian L. Bromberg, affirmed on January 6, 2011, and the Memorandum in Support of Defendant's Order to Show Cause to Vacate and Dismiss, dated January 6, 2011, and upon the Affirmation in Opposition of Plaintiff's attorney, Scott R. Reel, dated March 3, 2011, and upon Defendant's Reply Affidavit in Further Support of her Order to Show Cause to Vacate and Dismiss, sworn to on March 14, 2011, and upon Defendant's Reply Memorandum of Law in Further Support of her Order to Show Cause to Vacate and Dismiss, dated March 15, 2011, and the above-entitled action having come on for a traverse hearing concerning service of process before the undersigned, without a jury, in this Court on July 28, 2011; and the parties having duly appeared, Plaintiff Palisades

-1-

Collection, LLC by its attorneys, Kirschenbaum & Phillips, P.C. (Steven L. Rosenthal, Esq., of counsel), and Defendant Jane Kraus by its attorneys, the Bromberg Law Office, P.C. (Brian L. Bromberg, Esq., of counsel), and having presented evidence thereat, and the Court having heard and considered the evidence, and due deliberation having been had, and the Court per the Honorable C. Stephen Hackeling having duly issued his finding from the bench at the conclusion of the hearing, finding that service was not made in accordance with CPLR 308 and, therefore, that Defendant is entitled to have the judgment entered against her on June 9, 2010 vacated and dismissed; it is hereby

**ORDERED AND ADJUDGED**, that the judgment entered against Defendant Jane Kraus, and all post-judgment enforcement, including income and property executions and restraints, shall be vacated without further order of the Court, and any sums or property taken or executed upon by Plaintiff Palisades Collection, LLC shall be returned to Defendant Jane Kraus immediately.

**E N T E R :**

/S/      8/30/11

Hon. C. Stephen Hackeling

-2-

# EXHIBIT C

17 Croft Lane
Smithtown, NY 11787

November 23, 2013

**Sent Via Certified Mail – Return Receipt Requested**

**TransUnion Consumer Relations**
PO Box 2000
Chester, PA 19022-2000

RE: File #336044224

Dear Sir/Madam

I obtained a copy of my credit report from your agency and found the item listed below to be in serious error and want it removed from my report as it has negatively affected my life and more recently prevented me from gaining less expensive living accommodations for me and my daughter.

1. **Under Public Record Information –**
   A. I dispute the 'Paid Civil Judgment,' ID#HUC090004776. This MUST be deleted in its entirety as there is an Order vacating the judgment and dismissing the complaint. Please see enclosed ORDER dated 8/30/11.

Thank you for your time. Please reinvestigate this matter and delete the disputed item as soon as possible. I am very concerned that if this information is not updated correctly, it will continue to have a damaging effect on me and my ability to improve my credit. I look forward to your expeditious reply.

Sincerely,

Jane Kraus

Jane Kraus
SS# ████████
DOB: ████████

Enclosed: Order Vacating Judgment and Dismissing Complaint dated 8/30/2011.



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jane Kraus
17 Croft Lane
Smithtown, NY 11787

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

TransUnion Consumer Relations
PO Box 2000
Chester, PA
19022-2000

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7013 1710 0001 0043 1513

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**DISTRICT COURT OF THE COUNTY OF SUFFOLK**
**THIRD DISTRICT: HUNTINGTON STATION**

PALISADES COLLECTION, LLC,

                              Plaintiff,

    - against -

JANE KRAUS,

                              Defendant.

Index No. 4776/2009

ORDER VACATING
JUDGMENT AND
DISMISSING
COMPLAINT

Upon the Order to Show Cause to Vacate Judgment and Dismiss Complaint, and the supporting Affidavit of Defendant Jane Kraus, sworn to on December 23, 2010, and the Affirmation of her attorney, Brian L. Bromberg, affirmed on January 6, 2011, and the Memorandum in Support of Defendant's Order to Show Cause to Vacate and Dismiss, dated January 6, 2011, and upon the Affirmation in Opposition of Plaintiff's attorney, Scott R. Reel, dated March 3, 2011, and upon Defendant's Reply Affidavit in Further Support of her Order to Show Cause to Vacate and Dismiss, sworn to on March 14, 2011, and upon Defendant's Reply Memorandum of Law in Further Support of her Order to Show Cause to Vacate and Dismiss, dated March 15, 2011, and the above-entitled action having come on for a traverse hearing concerning service of process before the undersigned, without a jury, in this Court on July 28, 2011; and the parties having duly appeared, Plaintiff Palisades

-1-

Collection, LLC by its attorneys, Kirschenbaum & Phillips, P.C. (Steven L. Rosenthal, Esq., of counsel), and Defendant Jane Kraus by its attorneys, the Bromberg Law Office, P.C. (Brian L. Bromberg, Esq., of counsel), and having presented evidence thereat, and the Court having heard and considered the evidence, and due deliberation having been had, and the Court per the Honorable C. Stephen Hackeling having duly issued his finding from the bench at the conclusion of the hearing, finding that service was not made in accordance with CPLR 308 and, therefore, that Defendant is entitled to have the judgment entered against her on June 9, 2010 vacated and dismissed; it is hereby

**ORDERED AND ADJUDGED**, that the judgment entered against Defendant Jane Kraus, and all post-judgment enforcement, including income and property executions and restraints, shall be vacated without further order of the Court, and any sums or property taken or executed upon by Plaintiff Palisades Collection, LLC shall be returned to Defendant Jane Kraus immediately.

**ENTER:**

/s/                                    8/30/11
Hon. C. Stephen Hackeling

-2-